IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. FOX, et al.,<br><br>　　　　Defendants. | No. 2:21-CV-0952-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss, ECF No. 22, Plaintiff's opposition, ECF No. 23, and Defendants' reply, ECF No. 24.

　　　　In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

This action currently proceeds on Plaintiff's first amended complaint. See ECF No. 14. Plaintiff names the following as defendants, all of whom are correctional staff at the California State Prison – Solano: (1) K. Fox; (2) J. Wartson; (3) D. Letourneau; and (4) A. Scotland. See id. at 1, 2. Plaintiff alleges four claims for relief, each based on a separate rules violation report (RVR) issued against Plaintiff. See id. at 3-12. Each claim alleges violations of Plaintiff's due process rights in the context of adjudication of these RVRs. See id.

In Claim I, Plaintiff references an incident on August 5, 2012, which resulted in issuance of an RVR against Plaintiff on October 4, 2012. See id. at 3-5. Plaintiff states that, following a hearing, he was found guilty on December 29, 2012. See id. at 4. In Claim II, Plaintiff references an incident on July 12, 2013, which also resulted in issuance of an RVR against Plaintiff. See id. at 6-7. Plaintiff states that he was again found guilty, but not when. See id. at 7. In Claim III, Plaintiff states that he was issued an RVR on February 11, 2014. See id. at 8. While Plaintiff does not specifically state that he was found guilty on this charge, he does state that he lost good-time credits, which allows for the reasonable inference that he was in fact found guilty of the charged rules violation. See id. As with Claim II, Plaintiff does not state when he was found guilty on the February 2014 RVR. In Claim IV, Plaintiff states that he was issued a fourth RVR on June 11, 2014. See id. at 10. As with Claim III, Plaintiff does not affirmatively allege that he was found guilty or when, though he does indicate he lost good-time credits as a result of the June 2014 RVR. See id. at 11.

As to the four RVRs which form the bases of Plaintiff's claims, Plaintiff alleges that each was based on "false charges." Id. at 3.

///
///
///
///
///
///

3

## II.  DISCUSSION

In their motion to dismiss, Defendants argue that Plaintiff's complaint must be dismissed because it was filed beyond the applicable statute of limitations.  See ECF No. 22-1, pgs. 6-7.  The Court agrees.

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions.  See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."); Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  In California, there is a two-year statute of limitations for personal injury actions such as § 1983 cases.  See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

State tolling statutes also apply to § 1983 actions.  See Hardin v. Straub, 490 U.S. 536, 543-44 (1998).  California Civil Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff is, at the time the cause of action accrued, an inmate serving less than a life sentence.  See Cal. Code. Civ. P. 352.1(a).  This tolling provision applies to all inmates except those sentenced to life without the possibility of parole.  See Brooks v. Mercy Hospital, 204 Cal. Rptr.3d 289, 291-92 (Cal. App. 2016) (holding § 352.1(a) is applicable to prisoners serving a sentence of life with the possibility of parole, but the statutory language excludes those sentenced to life without the possibility of parole).  Thus, unless an inmate is serving a sentence of life without the possibility of parole, a four-year limitation period applies.

Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues."  Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)).  "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."  Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)); see also TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

Applying a four-year limitation period, Defendants argue:

> For each of his four claims, Plaintiff had to file suit within four years after he allegedly exhausted that claim. But in Claim 1, he alleges he was found guilty of a RVR on December 29, 2012. (ECF No. 14 at 4-5.) The event alleged to have led to the RVR in Claim 2 occurred on July 12, 2013. (*Id.* at 6.) The RVR at the heart of Claim 3 was filed February 11, 2014. (*Id.* at 8.) And the RVR for Claim 4 was filed on June 11, 2014. (*Id.* at 10.) Yet, Plaintiff's initial complaint was filed on May 26, 2021. (ECF No. 1.)

ECF No. 22-1, pgs. 6-7.

Because Plaintiff is not serving a sentence of life without the possibility of parole, see ECF No. 22-2 (Defendants' request for judicial notice of abstract of judgment), a four-year limitations period applies in this case.  Here, as to each RVR, Plaintiff alleges, among other things, that his due process rights were violated because they were all based on "false charges." Thus, Plaintiff would have known of the basis of his claims at the time the RVRs were issued in in 2012, 2013, and 2014.  Plaintiff initiated this action on May 26, 2021 – more than four years past the latest possible accrual date.  Thus, all of his claims are time-barred.  Plaintiff offers no argument in support of equitable tolling.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 22, be granted and that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 12, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE