UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIAMS,<br><br>             Plaintiff,<br><br>     v.<br><br>K. FOX, et al.,<br><br>             Defendants. | No. 2:21-cv-00952-DAD-DMC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. Nos. 22, 27) |

Plaintiff Kenneth Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 12, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendants' pending motion to dismiss be granted and plaintiff's complaint be dismissed with prejudice due to each of plaintiff's claims being time-barred by the applicable statute of limitations. (Doc. No. 27.) Specifically, the magistrate judge concluded that the applicable statute of limitations period is four years, and because all four of plaintiff's claims accrued in 2012, 2013, or 2014, those claims are barred given this action's May 26, 2021 filing date. (*Id.* at 5.) The magistrate judge also found that plaintiff had advanced no allegations that would entitle him to tolling of that limitations period. (*Id.*) The findings and

1

1  recommendations were served on all parties and contained notice that any objections thereto were
2  to be filed within fourteen (14) days of service.  (*Id.* at 5.)  Plaintiff timely filed a sur-reply on
3  September 26, 2022, which this court will construe as his objections to the pending findings and
4  recommendations.  (Doc. No. 28.)  On October 7, 2022, defendants filed a response to plaintiff's
5  sur-reply.  (Doc. No. 29.)

6  In plaintiff's objections, he contends that various time he spent in administrative
7  segregation (one and one-half years), being transferred between prisons (three months), and the
8  exhaustion of his prison administrative appeal process (one year) should toll the applicable statute
9  of limitations.  (Doc. No. 28 at 3.)  Defendants admit that the tolling of the statute of limitations
10 for the one year period plaintiff was exhausting his administrative remedies is appropriate, but
11 that the three-month period of time plaintiff was allegedly in the process of being transferred to
12 other prisons or the 18 months he claims to have spent in administrative segregation do not
13 support the equitable tolling of the limitations period.  (Doc. No. 29); *see also Brown v. Valoff*,
14 422 F.3d 926, 942–43 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled
15 while a prisoner completes the mandatory exhaustion process.").  The court agrees with
16 defendants that prison transfers or time spent in administrative segregation do not provide an
17 adequate bases for equitable tolling of the statute of limitations even where such circumstances
18 results in a prisoner's limited access to a prison's legal library.  *See Poulain v. Gulick*, 700 F.
19 App'x 736, 737 (9th Cir. 2017) (citing *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009)).[1]
20 Moreover, even if the court were to assume that the statute of limitations was properly subject to
21 equitable tolling for the entire two years and nine months period plaintiff seeks, the latest date of
22 the accrual of plaintiff's causes of action occurred on June 11, 2014, which means his May 26,
23 2021 file date would still remain outside the applicable statute of limitations period by more than
24 two months.  Thus, plaintiff's objections provide no basis upon which to reject the pending
25 findings and recommendations.
26 /////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on September 12, 2021 (Doc. No. 27) are adopted in full;
2. Defendants' motion to dismiss filed on March 28, 2022 (Doc. No. 22) is granted;
3. This case is dismissed as time-barred under the applicable statute of limitations; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 30, 2023**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE